# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEASON TROUTMAN, No. S07355, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | Case No. 17-cv-941-SMY |
| JAMES MUTAYOBA, STEPHEN KEIM, DAVID RAINS, JOHN BALDWIN | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jeason Troutman, an inmate in Robinson Correctional Center ("Robinson"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on the denial of his request for a diet that conforms with the tenets of his religion. Plaintiff has also filed a Motion for Temporary Restraining/Preliminary Injunction. (Doc. 3).

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### **The Complaint**

Plaintiff Jeason Troutman is a Native American who was born on the Chickasaw reservation and has practiced "Native American" religion for his entire life. (Doc. 1, p. 5). According to the Complaint, Troutman's religious beliefs require eating a daily diet consisting of properly prepared food that has been blessed. *Id.* His religious diet also involves eating ceremonial feasts of foods, including bison, venison, fry bread, pumpkin, squash, sweet potatoes and corn pemmican. *Id.*

Troutman sent a request to Mutayoba (Robinson's Chaplain), asking for a diet consistent with his religious beliefs. *Id.* On May 11, 2017, Mutayoba denied Troutman's religious diet request, stating "Native American religions have no dietary requirements per [IDOC] guidelines." *Id.* On May 22, 2017, Troutman spoke with Mutayoba regarding the denial of his religious diet request. *Id.* Mutayoba indicated that the request was denied because IDOC does not recognize religious dietary requirements for Native American religions. *Id.* Additionally, Mutayoba stated that IDOC only allows for four types of religious diets and Troutman's dietary

requests did not fall within any of those four types of diets. *Id.* In an effort to compromise, Troutman asked to be placed on a kosher diet. (Doc. 1, p. 6). According to Troutman, the kosher diet is similar to the Native American religious dietary requirements. *Id.* Mutayoba denied this request because Troutman is not Jewish. *Id.* On May 30, 2017, Keim (Robinson's chief chaplain) and Rains (Robinson's warden) also denied Troutman's request for a religious diet. *Id.*

Troutman contends that the denial of his requested religious diet violates his constitutional rights and is a violation of the Religious Land Use and Institutionalized Persons Act (42 U.S.C. § 2000-cc-1(a)).

## Discussion

Based on the allegations in the Complaint and the supporting documentation submitted by Plaintiff, the Court finds it convenient to divide the *pro se* action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit.

> **Count 1: Defendants denied Plaintiff a religious diet in violation of the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act (42 U.S.C. § 2000cc-1(a)).**

The Free Exercise Clause of the First Amendment forbids prison officials from imposing a substantial burden upon the free exercise of religion, unless the burden is reasonably related to a legitimate penological interest. *Kaufamn v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). The claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA")), essentially mirrors the First Amendment free exercise claim. *See Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). RLUIPA also applies a "substantial burden" standard, but requires that the burden be the least restrictive means serving a compelling governmental interest. *Id.*

Prison officials are not the religious police, determining orthodoxy and apostasy. *See Reed v. Faulkner*, 842 F.3d 960, 963 (7th Cir. 1988); *see also Korte v. Sebelius*, 735 F.3d 654, 68283 (7th Cir. 2013). Thus, the Complaint generally states a colorable First Amendment and RLUIPA claim as to the defendants who allegedly participated in denying Troutman's request for a religious diet - Mutayoba, Keim and Rains. However, the Complaint does not allege that Baldwin, the director of IDOC, participated in the alleged constitutional deprivation and Baldwin cannot be subjected to liability based solely on his role as a supervisory official.[1] Accordingly, the Complaint does not state a viable claim as to Baldwin.

For these reasons, Count 1 shall proceed as to Mutayoba, Keim and Rains, but shall be dismissed without prejudice as to Baldwin. As this is the only count directed against Baldwin, he shall be dismissed from this action without prejudice.

## Motion for Temporary Restraining Order/Preliminary Injunction

Troutman has also filed a Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 3). Specifically, he states that he is seeking a temporary restraining order ("TRO") and a preliminary injunction because his request for a religious diet has been denied and to ensure that he can properly practice his sincerely held religious beliefs. The Court addresses each request separately.

*Request for a TRO*

A temporary restraining order is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED.R.CIV.P. 65(b)(2). A TRO may issue without notice only if:

---

[1] A plaintiff may not attribute any of his or her constitutional claims to a high-ranking official by relying on the doctrine of *respondeat superior*, or vicarious liability; "the official must actually have participated in the constitutional wrongdoing." *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996)(citing *Cygnar v. City of Chicago*, 865 F.2d 827, 947 (7th Cir. 1989)).

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED.R.CIV.P. 65(b)(1).

Without expressing any opinion on the ultimate merits of Troutman's Complaint, the Court is of the opinion that a temporary restraining order is not warranted. At first blush, the denial of a religious diet would appear to have an immediate and irreparable impact upon Troutman's ability to practice his religion. However, certain aspects of the Complaint suggest otherwise. Although Troutman entered IDOC custody in 2008 (Doc. 1, p. 9), he did not request a religious diet until May 2017. (Doc. 1, p. 5). Thus, despite having practiced "Native American" religion for his entire life (Doc. 1, p. 5), he waited approximately 9 years before requesting a diet that conforms to his religious beliefs. This extensive delay in requesting a religious diet does not suggest that an immediate and irreparable harm is likely to occur *before Defendants can be heard*. The Complaint does not set forth any other specific facts suggesting that this standard is met.[2]

Finally, Troutman's reliance on the Seventh Circuit's opinion in *Schlemm v. Wall* is misplaced. In *Schlemm*, the Seventh Circuit reversed a district court's grant of summary judgment on an inmate's claim that prison officials were in violation of RLUIPA by denying the inmate, a Navajo, venison to eat as part of the Navajo Ghost Feast. *See generally, Schlemm v. Wall*, 784 F.3d 362 (7th Cir. 2015). The procedural postures in the case at bar and in *Schlemm*

---

[2] Additionally, the Court is mindful that it must exercise equitable restraint when asked to take over the administration of a prison, something that is best left to correctional officials and their staff. *See Sandin v. Conner*, 515 U.S. 472, 482, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Rizzo v. Goode*, 423 U.S. 362, 379, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976) (noting that where a plaintiff requests an award of remedial relief that would require a federal court to interfere with the administration of a government agency, "appropriate consideration must be given to principles of federalism in determining the availability and scope of [such] relief").

are different, however. While *Schlemm* was before the court on the defendants' summary judgment motion, *Schlemm,* 784 F.3d at 364, this case is before the Court on Troutman's TRO Motion. As such, while the *Schlemm* defendants had the burden of demonstrating they were entitled to summary judgment, in this matter, the burden is on Troutman to demonstrate that he is entitled to injunctive relief.[3] Troutman simply has not met his burden at this juncture. For these reasons, to the extent that Troutman is seeking a TRO, the motion (Doc. 3) is denied without prejudice.

*Request for a Preliminary Injunction*

To the extent that Troutman is seeking a preliminary injunction, his motion (Doc. 3) shall be **REFERRED** to United States Magistrate Judge Reona J. Daly for prompt disposition.

### Injunctive Relief and Official Capacity Claims

Troutman sued Defendants in their individual and official capacities. As to Mutayoba and Keim, only the individual capacity claims survive preliminary review. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, the official capacity claims as to Mutayoba and Keim shall be dismissed from this action without prejudice. However, because Troutman is seeking injunctive relief, he may proceed against Rains (Robinson's current warden) in his official and individual capacity.

### Other Pending Motions

Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) shall be addressed in a separate order of the Court.

---

[3] Plaintiff also relies on *Thompson v. Holm,* 809 F.3d 376 (7th Cir. 2016) and *Knowles v. Pfister,* 829 F.3d 516 (7th Cir. 2016). *Thompson,* like *Schlemm*, involved a summary judgment ruling. *Knowles* involved a motion for preliminary injunction and may be relevant to Plaintiff's request for a preliminary injunction, which shall be referred to a magistrate judge for further consideration.

Plaintiff's Motion for Recruitment of Counsel (Doc. 4) shall be **REFERRED** to United States Magistrate Judge Reona J. Daly for a decision.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff's Motion for a Temporary Restraining Order/Preliminary Injunction (Doc. 3) is **DENIED IN PART** – Plaintiff's request for a temporary restraining order is **DENIED**, but his request for a preliminary injunction shall be **REFERRED** to Magistrate Judge Daly for prompt disposition.

**IT IS FURTHER ORDERED** that **COUNT 1** shall proceed as to **MUTAYOBA** (individual capacity only)**, KEIM** (individual capacity only) and **RAINS (**individual and official capacity**). COUNT 1** shall be **DISMISSED** without prejudice as to **BALDWIN.**

The Clerk of the Court is **DIRECTED** to terminate **BALDWIN** as a party in CM/ECF.

Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2) will be decided by separate order.

The Clerk of Court shall prepare for Defendants **MUTAYOBA**, **KEIM** and **RAINS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by

Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 4) and Motion for Preliminary Injunction (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Daly** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** September 6, 2017

<u>**s/ STACI M. YANDLE**</u>
**District Judge**
**United States District Court**